Appendix A

United States Courts
Southern District of Texas
F I L E D

NOV 2 2 2024

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
_____ DIVISION

ANIA HOWARD

versus

NIELSEN AUDIO, INC.

§
§
§
§
§
§
§

CIVIL ACTION NO. 4:24-cv-04545

EMPLOYMENT DISCRIMINATION COMPLAINT

1.    This action is brought under Title VII of the Civil Rights Act of 1964 for employment

discrimination. Jurisdiction is conferred by Title 42 United States Code, Section § 2000e-5.

2.    The Plaintiff is:    ANIA HOWARD

      Address:    2111 VERMILLION OAK STREET

                  FRESNO, TEXAS 77545

      County of Residence:    FORT BEND

3.    The defendant is:    NIELSE AUDIO, INC.

      Address:    9705 PATUXENT WOODS DRIVE

                  COLUMBIA, MD 21046

☐    Check here if there are additional defendants. List them on a separate sheet of paper with

      their complete addresses.

4.    The plaintiff has attached to this complaint a copy of the charges filed on FEBRUARY 26, 2024

with the Equal Opportunity Commission.

5.    On the date of AUGUST 22. 2024, the plaintiff received a Notice of Right to Sue letter

issued by the Equal Employment Opportunity Commission; a copy is attached.

1

6.    Because of the plaintiff's:

(a)  ☒  race

(b)  ☒  color

(c)  ☐  Sex

(d)  ☐  Religion

(e)  ☐  national orgin,

the defendant has:

(a)  ☐  failed to employ the plaintiff

(b)  ☒  terminated the plaintiff's employment

(c)  ☐  failed to promote the plaintiff

(d)  ☒  other:  EMPLOYER CREATED A HOSTILE WORK ENVIRONMENT,

                        ENGAGED IN  AND INTERFERED WITH FMLA RIGHTS.

                        _____

7.    When and how the defendant has discriminated against the plaintiff:

PLAINTIFF WAS SUBJECTED TO RACIAL AND DISABILITY-BASED DISCRIMINATION

AND RETALIATION FOR USING FMLA LEAVE. DEFENDANT MISCHARACTERIZED

PLAINTIFF'S PERFORMANCE AND LEAVE USE, CREATING A HOSTILE WORK  ENVIROMENT.

AFTER REPORTING UNSAFE CONDITIONS AND FILING COMPLAINTS, PLAINTIFF WAS TERMINATED
IN RETALIATIONFOR THESE PROTECTED ACTIONS.

8.    The plaintiff requests that the defendant be ordered:

(a)  ☐  to stop discriminating against the plaintiff

(b)  ☐  to employ the plaintiff

(c)  ☐  to re-employ the plaintiff

(d)  ☐  to promote the plaintiff

(e)  ☐  to  PAY $300,000.00 for lost wages, benefits, and medical expenses, $200,000.00

for emotional distress caused by Defendant's conduct.
$500,000 in punitive damages to deter future retaliatory and discriminatory
conduct. Attorney's fees and court costs

_____ and that;

(f)  ☒  the Court grant other relief, including injunctions, damages, costs and

attorney's fees.

(Signature of Plaintiff)

Address:                    2111 VERMILLION OAK STREET

FRESNO, TEXAS 77545

Telephone:                  346-804-6283

*3*

Appendix B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
_____ HOUSTON _____ DIVISION

ANIA HOWARD

§
§
versus                                           §          CIVIL ACTION NO. 4:24-CV-04545
§
NIELSEN AUDIO, INC.                              §
§
§
§

ORIGINAL COMPLAINT

SEE ATTACHED COMPLAINT

1

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

**ANIA HOWARD,**

Plaintiff,

**v.**

**NIELSEN AUDIO, INC.,**

Defendant.

Case No.:  4:24-CV-04545

---

## AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

**COMES NOW** Plaintiff, **Ania Howard**, and files this **Amended Complaint** against Defendant **Nielsen Audio, Inc.**, and states as follows:

---

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under **28 U.S.C. § 1331** because this action arises under the laws of the United States, including:

    - **Title VII of the Civil Rights Act of 1964** (42 U.S.C. § 2000e et seq.),
    - **The Americans with Disabilities Act (ADA)** (42 U.S.C. § 12101 et seq.), and
    - **The Family and Medical Leave Act (FMLA)** (29 U.S.C. § 2601 et seq.).

2. The Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to **28 U.S.C. § 1367**.

3. Venue is proper under **28 U.S.C. § 1391(b)** because the events giving rise to this Complaint occurred in the Southern District of Texas, where Plaintiff was employed by Defendant.

---

## II. PARTIES

4. **Plaintiff:** Plaintiff, **Ania Howard**, resides at 2111 Vermillion Oak Street, Fresno, TX 77545, and was employed by Defendant as a Membership Representative.

5. **Defendant:** Defendant, **Nielsen Audio, Inc.**, with its principal office located at 9705 Patuxent Woods Dr., Columbia, MD 21046, operates in Texas and employed Plaintiff at all relevant times.

---

## III. FACTUAL ALLEGATIONS

### 1. Discrimination Based on Appearance, Race, and Disability

6. Plaintiff, one of four African American employees on her Houston team, experienced racial and disability-based discrimination.

7. Plaintiff's team lead, Lori LeCunff, criticized Plaintiff's use of transition lenses, claiming they made her appear "suspicious" and "untrustworthy." These comments were racially biased and failed to account for Plaintiff's medical need for these lenses, violating federal protections under **Title VII** and the **ADA**.

8. LeCunff also pressured Plaintiff to wear clothing with the Nielsen logo, saying it would make her "more approachable." Plaintiff was required to embroider her own clothing at her expense, a requirement not imposed on others. This constituted disparate treatment in violation of federal and state law.

9. In January 2024, LeCunff falsely reported Plaintiff as being difficult during interactions. However, a recording of the events contradicted this portrayal, demonstrating retaliation in violation of Nielsen's Speak Up Policy and federal law.

## 2. Unsafe Work Conditions and Hostile Environment

10. In November 2023, Plaintiff's supervisor, Shelby Kane, scheduled a ride-along with LeCunff in severe weather, despite prior advisories to the team to avoid such conditions. LeCunff pressured Plaintiff to continue, putting her safety at risk in violation of OSHA guidelines and Nielsen's Code of Conduct.

11. Plaintiff reported the issue to OSHA, which referred her to the EEOC. Nielsen's failure to address safety concerns violated federal and state laws requiring safe work environments.

12. Kane continued to pair Plaintiff with LeCunff, exposing Plaintiff to ongoing hostility and criticism that undermined her recruitment efforts, creating a hostile work environment.

## 3. Retaliation and Mishandling of Investigations

13. Plaintiff filed complaints regarding unsafe conditions, which were investigated by Carla Allen, Nielsen's Global Employee and US Labor Relations Director. The investigation was biased, with only partial interviews conducted, causing witnesses to withdraw their support.

14. Nielsen's mishandling of Plaintiff's complaints and their inclusion of only partial details in EEOC responses constituted retaliation in violation of federal and state laws.

**4. Misuse of FMLA Leave and Disability Discrimination**

15. Plaintiff used FMLA leave for her mental health and to care for her grandmother. During the EEOC investigation, Nielsen alleged that Plaintiff misused this leave, despite documented medical needs, violating FMLA protections.

16. Nielsen's actions constituted interference with Plaintiff's FMLA rights and associational disability discrimination under the ADA.

**5. Retaliatory Termination**

17. On October 17, 2024, Plaintiff requested to meet with HR only, excluding her manager Melissa Morganti due to prior hostile conduct. Plaintiff was terminated shortly after for refusing Morganti's involvement, in violation of federal and state anti-retaliation laws.

---

## IV. CAUSES OF ACTION

**COUNT I: Hostile Work Environment (Title VII)**

18. Plaintiff realleges all previous paragraphs as if fully stated here.

19. Defendant's actions created a hostile work environment by ignoring complaints, permitting racial and disability-based discrimination, and endangering Plaintiff's safety.

**COUNT II: Retaliation (Title VII, ADA, FMLA)**

20. Plaintiff realleges all previous paragraphs as if fully stated here.

21. Defendant retaliated against Plaintiff by mishandling investigations, fabricating complaints, and ultimately terminating her employment.

**COUNT III: FMLA Violations**

22. Plaintiff realleges all previous paragraphs as if fully stated here.

23. Defendant violated FMLA by misusing Plaintiff's medical leave as a basis for adverse actions.

**COUNT IV: ADA Violations for Associational Disability Discrimination**

24. Plaintiff realleges all previous paragraphs as if fully stated here.

25. Defendant discriminated against Plaintiff due to her association with her disabled grandmother and her own medical needs.

## V. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests the following relief:

1. $300,000 for lost wages, benefits, and medical expenses.

2. $200,000 for emotional distress caused by Defendant's conduct.

3. $500,000 in punitive damages to deter future retaliatory and discriminatory conduct.

4. Attorney's fees and court costs.

5. Any additional relief deemed just and equitable by the Court.

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all triable issues in this case.

**Respectfully Submitted,**

**Ania Howard**

Plaintiff Pro Se

346-804-6283

2111 Vermillion Oak Street

Fresno, TX 77545

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Houston District Office
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/22/2024

**To:** Ania Howard
2111 VERMILLION OAK ST
Fresno, TX 77545
Charge No: 460-2024-03568

EEOC Representative and email:    PATRICIA PALACIOS WARE
EO Investigator
patricia.palaciosware@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 460-2024-03568.

On behalf of the Commission,

Digitally Signed By:Rayford O. Irvin
08/22/2024
Rayford O. Irvin
District Director

**cc:**    Jacob Herstek
NIELSEN COMPANY/NIELSEN AUDIO
501 Brooker Creek Blvd
Oldsmar, FL 34677
Carolyn Russell
Ogletree Deakins
500 DALLAS ST STE 3000
Houston, TX 77002

Zane Herman

SPIELBERGER LAW GROUP
4890 W KENNEDY BLVD  # 950
TAMPA, FL 33609

Megan Wells
SPIELBERGER LAW GROUP
4890 W KENNEDY BLVD  # 950
TAMPA, FL 33609

Please retain this notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 460-2024-03568 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor, Houston, TX 77002.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 460-2024-03568 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor, Houston, TX 77002.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

Enclosure with EEOC Notice of Closure and Rights (01/22)

✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT
OF TEXAS, HOUSTON DIVISION

**ANIA HOWARD,**

Plaintiff,

**v.**

**NIELSEN AUDIO, INC.,**

Defendant.

Case No.:  4:24-CV-04545

---

## AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

**COMES NOW** Plaintiff, **Ania Howard**, and files this **Amended Complaint** against Defendant
**Nielsen Audio, Inc.**, and states as follows:

---

## I. JURISDICTION AND VENUE

1.  This Court has jurisdiction under **28 U.S.C. § 1331** because this action arises under the
    laws of the United States, including:

    -   **Title VII of the Civil Rights Act of 1964** (42 U.S.C. § 2000e et seq.),
    -   **The Americans with Disabilities Act (ADA)** (42 U.S.C. § 12101 et seq.), and
    -   **The Family and Medical Leave Act (FMLA)** (29 U.S.C. § 2601 et seq.).

2. The Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to **28 U.S.C. § 1367**.

3. Venue is proper under **28 U.S.C. § 1391(b)** because the events giving rise to this Complaint occurred in the Southern District of Texas, where Plaintiff was employed by Defendant.

---

## II. PARTIES

4. **Plaintiff:** Plaintiff, **Ania Howard**, resides at 2111 Vermillion Oak Street, Fresno, TX 77545, and was employed by Defendant as a Membership Representative.

5. **Defendant:** Defendant, **Nielsen Audio, Inc.**, with its principal office located at 9705 Patuxent Woods Dr., Columbia, MD 21046, operates in Texas and employed Plaintiff at all relevant times.

---

## III. FACTUAL ALLEGATIONS

### 1. Discrimination Based on Appearance, Race, and Disability

6. Plaintiff, one of four African American employees on her Houston team, experienced racial and disability-based discrimination.

7. Plaintiff's team lead, Lori LeCunff, criticized Plaintiff's use of transition lenses, claiming they made her appear "suspicious" and "untrustworthy." These comments were racially biased and failed to account for Plaintiff's medical need for these lenses, violating federal protections under **Title VII** and the **ADA**.

8. LeCunff also pressured Plaintiff to wear clothing with the Nielsen logo, saying it would make her "more approachable." Plaintiff was required to embroider her own clothing at her expense, a requirement not imposed on others. This constituted disparate treatment in violation of federal and state law.

9. In January 2024, LeCunff falsely reported Plaintiff as being difficult during interactions. However, a recording of the events contradicted this portrayal, demonstrating retaliation in violation of Nielsen's Speak Up Policy and federal law.

## 2. Unsafe Work Conditions and Hostile Environment

10. In November 2023, Plaintiff's supervisor, Shelby Kane, scheduled a ride-along with LeCunff in severe weather, despite prior advisories to the team to avoid such conditions. LeCunff pressured Plaintiff to continue, putting her safety at risk in violation of OSHA guidelines and Nielsen's Code of Conduct.

11. Plaintiff reported the issue to OSHA, which referred her to the EEOC. Nielsen's failure to address safety concerns violated federal and state laws requiring safe work environments.

12. Kane continued to pair Plaintiff with LeCunff, exposing Plaintiff to ongoing hostility and criticism that undermined her recruitment efforts, creating a hostile work environment.

## 3. Retaliation and Mishandling of Investigations

13. Plaintiff filed complaints regarding unsafe conditions, which were investigated by Carla Allen, Nielsen's Global Employee and US Labor Relations Director. The investigation was biased, with only partial interviews conducted, causing witnesses to withdraw their support.

14. Nielsen's mishandling of Plaintiff's complaints and their inclusion of only partial details in EEOC responses constituted retaliation in violation of federal and state laws.

**4. Misuse of FMLA Leave and Disability Discrimination**

15. Plaintiff used FMLA leave for her mental health and to care for her grandmother. During the EEOC investigation, Nielsen alleged that Plaintiff misused this leave, despite documented medical needs, violating FMLA protections.

16. Nielsen's actions constituted interference with Plaintiff's FMLA rights and associational disability discrimination under the ADA.

**5. Retaliatory Termination**

17. On October 17, 2024, Plaintiff requested to meet with HR only, excluding her manager Melissa Morganti due to prior hostile conduct. Plaintiff was terminated shortly after for refusing Morganti's involvement, in violation of federal and state anti-retaliation laws.

---

## IV. CAUSES OF ACTION

**COUNT I: Hostile Work Environment (Title VII)**

18. Plaintiff realleges all previous paragraphs as if fully stated here.

19. Defendant's actions created a hostile work environment by ignoring complaints, permitting racial and disability-based discrimination, and endangering Plaintiff's safety.

**COUNT II: Retaliation (Title VII, ADA, FMLA)**

20. Plaintiff realleges all previous paragraphs as if fully stated here.

21. Defendant retaliated against Plaintiff by mishandling investigations, fabricating complaints, and ultimately terminating her employment.

**COUNT III: FMLA Violations**

22. Plaintiff realleges all previous paragraphs as if fully stated here.

23. Defendant violated FMLA by misusing Plaintiff's medical leave as a basis for adverse
actions.

**COUNT IV: ADA Violations for Associational Disability Discrimination**

24. Plaintiff realleges all previous paragraphs as if fully stated here.

25. Defendant discriminated against Plaintiff due to her association with her disabled
grandmother and her own medical needs.

# V. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests the following relief:

1. $300,000 for lost wages, benefits, and medical expenses.

2. $200,000 for emotional distress caused by Defendant's conduct.

3. $500,000 in punitive damages to deter future retaliatory and discriminatory conduct.

4. Attorney's fees and court costs.

5. Any additional relief deemed just and equitable by the Court.

# VI. DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all triable issues in this case.

Respectfully Submitted,

**Ania Howard**

Plaintiff Pro Se

346-804-6283

2111 Vermillion Oak Street

Fresno, TX 77545