Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

Houston Division

United States Courts
Southern District of Texas
F I L E D

NOV 2 2 2024

Nathan Ochsner, Clerk of Court

|  |  |
|---|---|
| Ania Howard | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| **-v-** | ) |
| Nielsen Audio, Inc. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | |
| *write "see attached" in the space and attach an additional page* | |
| *with the full list of names.)* | |

Case No.   4:24-cv-04545

*(to be filled in by the Clerk's Office)*

## COMPLAINT AND REQUEST FOR INJUNCTION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Ania Howard |
| Street Address | 2111 Vermillion Oak Street |
| City and County | Fresno   Fort Bend |
| State and Zip Code | Texas  77545 |
| Telephone Number | 346-804-6283 |
| E-mail Address | ania.howard@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

Defendant No. 1

| | |
|---|---|
| Name | Nielsen Audio, Inc. |
| Job or Title *(if known)* | General Counsel |
| Street Address | 9705 Patuxent Woods Drive |
| City and County | Columbia   Howard |
| State and Zip Code | Maryland 21045 |
| Telephone Number | 410-312-8276 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question      [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2) and any other relevant federal statutes applicable to employment discrimination, retaliation, or wrongful termination.

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

     a.   If the plaintiff is an individual

        The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

     b.   If the plaintiff is a corporation

        The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

     a.   If the defendant is an individual

        The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under

the laws of the State of *(name)* _____, and has its

principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

**III.    Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

The events occurred in Houston, Texas via communications between my legal counsel, my employer (Nielsen), and I.

B.    What date and approximate time did the events giving rise to your claim(s) occur?

The events transpired between August 22, 2024, the date of my Right to Sue notice, and the filing deadline on November 20, 2024.

C.    What are the facts underlying your claim(s)?  *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

The statute of limitations expiring without my case being fully heard would deny me my legal right to pursue justice. My inability to take timely action resulted from mismanagement and delayed communication by my legal team, not any lack of diligence on my part. Tolling the statute of limitations would ensure I have the opportunity to present my case fairly.

## IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Without a temporary injunction tolling the statute of limitations, I will lose my legal right to pursue this case. The delay in filing was caused by financial hardship and confusion arising from the employer's retaliatory actions and limited support from counsel. Monetary damages cannot remedy this procedural injustice if my case is dismissed prematurely.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I request the court issue a temporary injunction tolling the statute of limitations, allowing me to file a proper claim against Nielsen under Title VII of the Civil Rights Act of 1964 and related statutes. The tolling is necessary to remedy the disadvantage caused by my legal team's delay and lack of transparency. Additionally, I seek damages for lost wages, emotional distress, and punitive damages in an amount to be determined by the court.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:              11/22/2024

Signature of Plaintiff

Printed Name of Plaintiff        Ania Howard, Pro Se

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

**M** Gmail

AD Howard <ania.howard@gmail.com>

## Re: Mediation Scheduled - Response Needed (CLID: 2312300847, Howard, Ania)

**AD Howard** <ania.howard@gmail.com>                                    Mon, Aug 19, 2024 at 11:21 AM
To: Chantel Squier <chantel.squier@spielbergerlawgroup.com>
Cc: megan.wells@spielbergerlawgroup.com, zane.herman@spielbergerlawgroup.com,
samantha.koempel@spielbergerlawgroup.com, kateline.gardiner@spielbergerlawgroup.com,
hunter.north@spielbergerlawgroup.com, diana.estrada@spielbergerlawgroup.com, joy.serna@spielbergerlawgroup.com

Dear Chantel,

I hope this message finds you well. I am writing to express my concern regarding the quality of representation I have been receiving in my case.

Specifically, I am left wondering if I had paid upfront, would I be receiving better treatment, and would my case be studied and served to the best of your abilities?

The dismissive tone and lack of urgency I've encountered are concerning, especially considering the seriousness of my case. I believe it is critical that every client receives the best possible representation, regardless of the payment structure. I would appreciate your prompt response to clarify whether payment type influences the level of service provided.

Thank you for your attention to this matter.
[Quoted text hidden]

This is in response to Ms. Squier stating over the phone
" You are a contingency client anyway." before hanging
up in my face after I repeatedly requested a direct call
from the attorney handling my case due to lack of communication.
There was no response, or calls back until I sent this email, 8/19/24
via phone from the attorney hours later.

 Gmail                                                    AD Howard <ania.howard@gmail.com>

## An attorney has reviewed your case (CLID: 2312300847, Howard, Ania)

**AD Howard** <ania.howard@gmail.com>                    Mon, Dec 11, 2023 at 8:47 AM
To: Philip Arenas <philip.arenas@spielbergerlawgroup.com>

Hi There,

I no longer want to be represented by your firm. I would like to cancel the contract I signed.

-Ania
[Quoted text hidden]

*- Ignored*

 Gmail

**AD Howard <ania.howard@gmail.com>**

## Welcome! (CLID: 2312300847, Howard, Ania)

**AD Howard** <ania.howard@gmail.com>                                                Mon, Dec 11, 2023 at 8:48 AM
To: megan.wells@spielbergerlawgroup.com
Cc: zane.herman@spielbergerlawgroup.com, samantha.koempel@spielbergerlawgroup.com,
kateline.gardiner@spielbergerlawgroup.com, hunter.north@spielbergerlawgroup.com,
diana.estrada@spielbergerlawgroup.com, chantel.squier@spielbergerlawgroup.com

Hi There,

I no longer want to be represented by your firm. I would like to cancel the contract I signed. I feel like the lack of communication at this point is concerning. No one has directly consulted with me about this matter and its challenging to reach someone by phone.

-Ania

On Wed, Dec 6, 2023 at 2:57 PM <megan.wells@spielbergerlawgroup.com> wrote:
[Quoted text hidden]

- Ignored

 **Gmail**

<span style="float:right">**AD Howard <ania.howard@gmail.com>**</span>

## Closing Letter (CLID: 2312300847, Howard, Ania)
8 messages

**Samantha Koempel** <samantha.koempel@spielbergerlawgroup.com>

Wed, Nov 20, 2024 at 12:04 PM

To: AD Howard <ania.howard@gmail.com>
Cc: Megan Wells <megan.wells@spielbergerlawgroup.com>, Tim Covey <tim.covey@spielbergerlawgroup.com>, Zane Herman <zane.herman@spielbergerlawgroup.com>

Good afternoon Ania,

As previously discussed, after receiving your EEOC Notice of Right to Sue, we reached out to opposing counsel in an effort to resolve your matter. After initial settlement offers were exchanged, we informed you that the Company had indicated a possible resolution at $30,000 and that we believed we could potentially secure an offer in the range of $35,000-$40,000. At that point, we asked you to confirm whether you wished to continue negotiations within that range or proceed with litigation and close your file with our firm. You instructed us to continue negotiations.

Through further efforts, we secured a best and final offer of $38,000 from the Company.

As previously stated, we strongly recommend accepting the Company's final offer, as we do not believe litigating your claims is advisable. However, you have been unresponsive for several days. Given that we have confirmed you have filed suit against the Company pro se, and today is your filing deadline, **we will proceed with closing your file**.

Please note that if you do resolve your claims, our firm has a lien on the settlement funds. A formal Notice of Lien will follow.

Respectfully,

Samantha

On Tue, Nov 19, 2024 at 1:52 PM <tim.covey@spielbergerlawgroup.com> wrote:

> Good afternoon Ania,
>
> I am writing to follow up with the voicemail I just left for you and Samantha's email below. Please contact our office at your earliest convenience at 800-965-1570, ext. 107 (Samantha) or ext. 140 (me).
>
> **Tim Covey**
> Paralegal
> **Address:** 4890 W. Kennedy Blvd. Ste 950 | Tampa, FL 33609
> **Tel.** (800) 965-1570 Ext. 140
> **Fax:** (866) 580-7499
> **Email:** tim.covey@spielbergerlawgroup.com
>
> This correspondence may contain information that is confidential, proprietary or & non-public personal information, as that term is defined in the Gramm-Leach-Bliley Act (collectively, Confidential Information). The Confidential Information is disclosed conditioned upon your agreement that you will treat all Confidential Information confidentially and in compliance with applicable law, ensure that such information is not used or disclosed except for the limited purpose for which it is being provided and will notify and cooperate with Spielberger Law Group, LLC. regarding any requested disclosure or any unauthorized disclosure or use of any Confidential Information. By accepting and reviewing the Confidential Information you agree to indemnify Spielberger Law Group, LLC. against any losses or expenses, including attorney's fees that Spielberger Law Group, LLC. may incur as a result of any unauthorized use or disclosure of the Confidential Information due to your acts or omissions. If this correspondence is received by a party other than the intended recipient, you are requested to

immediately notify us of the erroneous delivery and return to us all information so delivered immediately.

---

**From:** Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>
**Sent:** Monday, November 18, 2024 10:42 AM
**To:** AD Howard <ania.howard@gmail.com>
**Cc:** megan.wells@spielbergerlawgroup.com; zane.herman@spielbergerlawgroup.com;
tim.covey@spielbergerlawgroup.com
**Subject:** Re: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Good morning Ania,

I'm following up on the voicemail I just left for you.  We understand that you have filed suit against the Employer pro se. Before we proceed with closing your file and asserting our firm's lien for attorneys' fees, we want to ensure you are making a fully informed decision.   _ Was not fully informed for duration of case even after requesting removal from case._
Please give me a call at your earliest convenience at (800) 965-1570, ext. 107.

Thank you,

Samantha

On Fri, Nov 15, 2024 at 3:30 PM AD Howard <ania.howard@gmail.com> wrote:

Hi there,

I do not want to accept the final offer and will file against them in court.

-Ania

On Fri, Nov 15, 2024 at 2:28 PM Samantha Koempel <samantha.koempel@spielbergerlawgroup.com> wrote:

Hi Ania,

I am following up on this.  Please let us know whether you would like to accept the Company's final offer.

Thank you,

Samantha

On Thu, Nov 14, 2024 at 12:02 PM Samantha Koempel <samantha.koempel@spielbergerlawgroup.com> wrote:

Hi Ania,

Thank you for the update. Please let me know if you have any questions in the meantime.

Best regards,

Samantha

On Wed, Nov 13, 2024 at 10:20 AM ania.howard <ania.howard@gmail.com> wrote:

Good morning,

I am still making a decision and will let you know by Friday.

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

-------- Original message --------

From: Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>

Date: 11/12/24 9:48 AM (GMT-06:00)

To: AD Howard <ania.howard@gmail.com>

Cc: megan.wells@spielbergerlawgroup.com, zane.herman@spielbergerlawgroup.com, tim.covey@spielbergerlawgroup.com

Subject: Re: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Good morning Ania,

I have spoken with opposing counsel several times since my last update. They are asserting that the Company is not willing to further increase their offer beyond the $38,000, and that is indeed their best and final offer. They have also indicated that this final offer would include a provision in the settlement agreement that the Company will not dispute your unemployment benefits should you seek those benefits.

Per the retainer agreement, your portion would be 60% of the total settlement amount, minus the applicable fees ($495 retainer fee and $50 monthly administrative fee. The monthly administrative fee began accruing

Case 4:24-cv-04545   Document 5   Filed on 11/22/24 in TXSD   Page 13 of 34

the month after you retained our firm). Since you retained our firm on 12/08/23, your applicable fees total to $1,045 [495 + (11 x 50) = $1,045]. Thus, if you were to accept the $38,000 offer, the portion allocated to you would total to $21,755.

Please note that settlements in this area of law are considered taxable income. Employers typically issue these settlement payments via W-2, 1099, or some combination of both. However, we will not be able to confirm these details regarding the checks, or how long the Employer has to issue the checks, until we receive the proposed settlement agreement.

As indicated previously, your options are to either accept the $38,000 offer (which we would recommend at this stage), or close your file with our firm and file a lawsuit (your deadline to do so would be 11/20/24, based on our calculations). Please note that we would issue a lien on the amount we were able to obtain on your behalf in the event you opt to file a lawsuit. **Please advise how you would like to proceed today, if possible**.

Thank you,

Samantha

On Fri, Nov 8, 2024 at 12:55 PM AD Howard <ania.howard@gmail.com> wrote:

Hi Samantha,

Please continue pushing for a higher settlement. I am en route to file for a jury trial today. If it strengthens negotiations, feel free to mention that I intend to discuss the company's practices publicly, including the impact on my role according to their contradictory methodologies, the disparities and retaliation created against me.

*Per atty 11/20/24 - Did not follow my instruction by her own verball admission - (or take action)*

Sincerely,
Ania Howard

On Fri, Nov 8, 2024 at 11:28 AM Samantha Koempel <samantha.koempel@spielbergerlawgroup.com> wrote:

Hi Ania,

To provide another update, the Company has now increased their offer to $38,000. They are asserting this is their final offer; however, I am still trying to push them beyond this. There are no guarantees, but certainly worth a shot. I will let you know as soon as we have their very best offer and then accept the offer in order to resolve your claims prior to your 90-day deadline.

Please let me know if you have any questions.

Thank you,

Samantha

On Fri, Oct 25, 2024 at 5:43 PM AD Howard <ania.howard@gmail.com> wrote:

Hi there,

I'd like you to continue your efforts please.

Thank you,

-Ania

On Fri, Oct 25, 2024 at 4:36 PM Samantha Koempel <samantha.koempel@ spielbergerlawgroup.com> wrote:

Hi Ania,

I wanted to provide an update on the Company's latest offer, which has now increased to $20,000. Given the circumstances of your termination and the upcoming 90-day filing deadline, I had a direct conversation with opposing counsel to gauge any flexibility on their end. They conveyed that while there isn't significant room left, they might be able to increase their offer to $30,000 to settle your claims. I believe there's a good chance we could push this higher, potentially into the $35,000–$40,000 range, or possibly more.

If you'd like us to keep negotiating within this general range, we're prepared to continue our efforts. Alternatively, if you're no longer interested in a pre-suit resolution or do not wish to settle within this range, your remaining option would be to close your file with our firm and pursue litigation before the 11/20/24 NRTS deadline. Please note, should you proceed with litigation, we would place a lien on any amount we were able to secure on your behalf.

Please let me know your thoughts as soon as possible so we can proceed accordingly.

Thank you,

Samantha

On Wed, Oct 9, 2024 at 3:58 PM Samantha Koempel <samantha.koempel@ spielbergerlawgroup.com> wrote:

Hi Ania,

The Company has now increased their offer to $17,000. We will continue to push them and keep you posted on further updates.

Thank you,

Samantha

Ok, thank you.

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

-------- Original message --------

From: Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>

Date: 10/4/24 7:21 AM (GMT-06:00)

To: "ania.howard" <ania.howard@gmail.com>

Cc: megan.wells@spielbergerlawgroup.com, zane.herman@spielbergerlawgroup.com, kateline.gardiner@spielbergerlawgroup.com, diana.estrada@spielbergerlawgroup.com, joy.serna@spielbergerlawgroup.com, tim.covey@spielbergerlawgroup.com, Chantel Squier <chantel.squier@spielbergerlawgroup.com>

Subject: Re: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Good morning Ania,

Thank you for your patience while we returned to our normal business operations following the hurricane. I was able to speak with opposing counsel and the Company has conveyed an offer of $10,000 to resolve your claims. As far as your return to work, we would strongly advise that you cooperate with the Company's requests for information and follow procedure to either return to work or extend your leave. We are trying to push settlement negotiations along as quickly as we can, but we do not want to give the Company any reason to assert a legitimate reason for termination. We will let you know as soon as we have another update to provide.

Best regards,

Samantha

On Thu, Sep 26, 2024 at 10:47 AM ania.howard <ania.howard@gmail.com> wrote:

Also, I hope you all remain safe due to the weather.

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

-------- Original message --------

From: "ania.howard" <ania.howard@gmail.com>

Date: 9/26/24 9:44 AM (GMT-06:00)

To:

Cc: Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>, megan.wells@
spielbergerlawgroup.com, zane.herman@spielbergerlawgroup.com, kateline.gardiner@
spielbergerlawgroup.com, diana.estrada@spielbergerlawgroup.com,
joy.serna@spielbergerlawgroup.com, tim.covey@spielbergerlawgroup.com, Chantel
Squier <chantel.squier@spielbergerlawgroup.com>

Subject: Re: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Good Morning,

I'm writing to follow up on my employment situation and seek your guidance.

After experiencing retaliation, I took another leave of absence as I felt unsupported in
navigating the situation. I'm currently expected to return to work on the 30th, with the
company awaiting my return-to-work paperwork. However, I do not wish to return to this
environment.

I'm concerned about running out of time to resolve this matter and have been under
significant stress, including financial hardship. Despite reaching out to other attorneys, I've
been unable to find anyone willing to take my case outside of your firm considering time is
running out on the RTS.

Could you please advise me on what I should be doing? I'm not intending for this to
reflect impatience, I'm just not sure what to do.

Thank you for your time and consideration.

Sincerely,

-Ania

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

-------- Original message --------

From: "ania.howard" <ania.howard@gmail.com>

Date: 9/23/24 4:58 PM (GMT-06:00)

To: Chantel Squier <chantel.squier@spielbergerlawgroup.com>

Cc: Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>, megan.wells@spielbergerlawgroup.com, zane.herman@spielbergerlawgroup.com, kateline.gardiner@spielbergerlawgroup.com, diana.estrada@spielbergerlawgroup.com, joy.serna@spielbergerlawgroup.com, tim.covey@spielbergerlawgroup.com

Subject: Re: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Thank you.

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

-------- Original message --------

From: Chantel Squier <chantel.squier@spielbergerlawgroup.com>

Date: 9/23/24 3:23 PM (GMT-06:00)

To: "ania.howard" <ania.howard@gmail.com>

Cc: Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>, megan.wells@spielbergerlawgroup.com, zane.herman@spielbergerlawgroup.com, kateline.gardiner@spielbergerlawgroup.com, diana.estrada@spielbergerlawgroup.com, joy.serna@spielbergerlawgroup.com, tim.covey@spielbergerlawgroup.com

Subject: Re: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Good afternoon.

We have not heard back from the opposing counsel regarding settlement. Ms. Koempel has reached out requesting a response. Based on our last communication with opposing counsel we were anticipating their reply and will continue to reach out.

We will email you as soon as we have any relevant information to share.

Thank you.

On Mon, Sep 23, 2024 at 11:59 AM ania.howard <ania.howard@gmail.com> wrote:

Hi there,

I'm following up to find out if you've heard anything back from last week?

-Ania

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

-------- Original message --------

From: "ania.howard" <ania.howard@gmail.com>

Date: 9/9/24 3:31 PM (GMT-06:00)

To: Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>

Cc: megan.wells@spielbergerlawgroup.com, zane.herman@spielbergerlawgroup.com, kateline.gardiner@spielbergerlawgroup.com, diana.estrada@spielbergerlawgroup.com, chantel.squier@spielbergerlawgroup.com, joy.serna@spielbergerlawgroup.com, tim.covey@spielbergerlawgroup.com

Subject: Re: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Thank you!

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

-------- Original message --------

From: Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>

Date: 9/9/24 2:47 PM (GMT-06:00)

To: "ania.howard" <ania.howard@gmail.com>

Cc: megan.wells@spielbergerlawgroup.com, zane.herman@spielbergerlawgroup.com, kateline.gardiner@spielbergerlawgroup.com, diana.estrada@spielbergerlawgroup.com, chantel.squier@spielbergerlawgroup.com, joy.serna@spielbergerlawgroup.com, tim.covey@spielbergerlawgroup.com

Subject: Re: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Good afternoon Ania,

Good timing, I actually spoke with opposing counsel this afternoon. They indicated that the Company was willing to continue settlement discussions inclusive of separation. However, they indicated they would not be able to get us a monetary response until next week. We will let you know as soon as we have a substantive update to provide.

Thank you,

Samantha

On Mon, Sep 9, 2024 at 3:24 PM ania.howard <ania.howard@gmail.com> wrote:

Hi there,

I'm following up for any updates on the negotiations or if anything further is needed from my side. Please let me know at your earliest and thank you for your continued assistance.

Sincerely,
Ania Howard

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

-------- Original message --------

From: "ania.howard" <ania.howard@gmail.com>

Date: 8/22/24 2:09 PM (GMT-06:00)

To: megan.wells@spielbergerlawgroup.com

Cc: zane.herman@spielbergerlawgroup.com, samantha.koempel@spielbergerlawgroup.com, kateline.gardiner@spielbergerlawgroup.com, diana.estrada@spielbergerlawgroup.com, chantel.squier@spielbergerlawgroup.com, joy.serna@spielbergerlawgroup.com, tim.covey@spielbergerlawgroup.com

Subject: RE: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Thank you.

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

------- Original message -------

From: megan.wells@spielbergerlawgroup.com

Date: 8/22/24 1:40 PM (GMT-06:00)

To: ania.howard@gmail.com

Cc: zane.herman@spielbergerlawgroup.com, samantha.koempel@
spielbergerlawgroup.com, kateline.gardiner@spielbergerlawgroup.com,
diana.estrada@spielbergerlawgroup.com, chantel.squier@spielbergerlawgroup.com,
joy.serna@spielbergerlawgroup.com, tim.covey@spielbergerlawgroup.com

Subject: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Good afternoon Ania,

Per our request, the EEOC has issued your Notice of Right to Sue (NRTS). You
have 90 days from the date of the NRTS to file a lawsuit against your employer,
should you choose to go that far. We have submitted your case to our litigation
department for review and unfortunately, we are not able to offer litigation
representation. This is not a reflection of the merits of your case and simply means
that we do not have the capacity to file another lawsuit at this time.

However, **we still currently represent you for pre-suit negotiations.** We would
appreciate the opportunity to reach back out to opposing counsel in an attempt to
resolve the matter pre-suit. We will negotiate in an effort to get as much authority
on the table as possible. **Your attorneys will be in touch with you after
speaking to opposing counsel again. Nothing further is needed from you at
this time.**

Regards,

**Megan Wells**
Legal Assistant
**Address:** 4890 W Kennedy Blvd. Ste. 950 | Tampa, FL 33609
**Tel.** (800) 965-1570 Ext. 136
**Fax:** (866) 580-7499
**Email:** megan.wells@spielbergerlawgroup.com

This correspondence may contain information that is confidential, proprietary or & non-public
personal information, as that term is defined in the Gramm-Leach-Bliley Act (collectively,
Confidential Information). The Confidential Information is disclosed conditioned upon your
agreement that you will treat all Confidential Information confidentially and in compliance with
applicable law, ensure that such information is not used or disclosed except for the limited
purpose for which it is being provided and will notify and cooperate with Spielberger Law Group,
LLC. regarding any requested disclosure or any unauthorized disclosure or use of any

Confidential Information. By accepting and reviewing the Confidential Information, you agree to indemnify Spielberger Law Group, LLC. against any losses or expenses, including attorney's fees that Spielberger Law Group, LLC. may incur as a result of any unauthorized use or disclosure of the Confidential Information due to your acts or omissions. If this correspondence is received by a party other than the intended recipient, you are requested to immediately notify us of the erroneous delivery and return to us all information so delivered immediately.

---

**ania.howard** <ania.howard@gmail.com>                                    Wed, Nov 20, 2024 at 12:13 PM
To: Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>
Cc: Megan Wells <megan.wells@spielbergerlawgroup.com>, Tim Covey <tim.covey@spielbergerlawgroup.com>, Zane Herman <zane.herman@spielbergerlawgroup.com>

Sorry for my late reply.

Can you explain to me why it's not advisable to litigate this issue? I don't feel like I was fully informed for the entirety of you working my case.

Can you share details of the negotiations?

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

------- Original message -------
From: Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>
Date: 11/20/24 12:04 PM (GMT-06:00)
To: AD Howard <ania.howard@gmail.com>
Cc: Megan Wells <megan.wells@spielbergerlawgroup.com>, Tim Covey <tim.covey@spielbergerlawgroup.com>, Zane Herman <zane.herman@spielbergerlawgroup.com>
Subject: Closing Letter (CLID: 2312300847, Howard, Ania)

Good afternoon Ania,

As previously discussed, after receiving your EEOC Notice of Right to Sue, we reached out to opposing counsel in an effort to resolve your matter. After initial settlement offers were exchanged, we informed you that the Company had indicated a possible resolution at $30,000 and that we believed we could potentially secure an offer in the range of $35,000-$40,000. At that point, we asked you to confirm whether you wished to continue negotiations within that range or proceed with litigation and close your file with our firm. You instructed us to continue negotiations.

Through further efforts, we secured a best and final offer of $38,000 from the Company.

As previously stated, we strongly recommend accepting the Company's final offer, as we do not believe litigating your claims is advisable. However, you have been unresponsive for several days. Given that we have confirmed you have filed suit against the Company pro se, and today is your filing deadline, **we will proceed with closing your file**.

Please note that if you do resolve your claims, our firm has a lien on the settlement funds. A formal Notice of Lien will follow.

Respectfully,

Samantha

On Tue, Nov 19, 2024 at 1:52 PM <tim.covey@spielbergerlawgroup.com> wrote:

Good afternoon Ania,

I am writing to follow up with the voicemail I just left for you and Samantha's email below. Please contact our office at your earliest convenience at 800-965-1570, ext. 107 (Samantha) or ext. 140 (me).

**Tim Covey**
Paralegal
**Address:** 4890 W. Kennedy Blvd. Ste 950 | Tampa, FL 33609
**Tel.** (800) 965-1570 Ext. 140
**Fax:** (866) 580-7499
**Email:** tim.covey@spielbergerlawgroup.com

This correspondence may contain information that is confidential, proprietary or & non-public personal information, as that term is defined in the Gramm-Leach-Bliley Act (collectively, Confidential Information). The Confidential Information is disclosed conditioned upon your agreement that you will treat all Confidential Information confidentially and in compliance with applicable law, ensure that such information is not used or disclosed except for the limited purpose for which it is being provided and will notify and cooperate with Spielberger Law Group, LLC. regarding any requested disclosure or any unauthorized disclosure or use of any Confidential Information. By accepting and reviewing the Confidential Information you agree to indemnify Spielberger Law Group, LLC. against any losses or expenses, including attorney's fees that Spielberger Law Group, LLC. may incur as a result of any unauthorized use or disclosure of the Confidential Information due to your acts or omissions. If this correspondence is received by a party other than the intended recipient, you are requested to immediately notify us of the erroneous delivery and return to us all information so delivered immediately.

---

**From:** Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>
**Sent:** Monday, November 18, 2024 10:42 AM
**To:** AD Howard <ania.howard@gmail.com>
**Cc:** megan.wells@spielbergerlawgroup.com; zane.herman@spielbergerlawgroup.com; tim.covey@spielbergerlawgroup.com
**Subject:** Re: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Good morning Ania,

I'm following up on the voicemail I just left for you. We understand that you have filed suit against the Employer pro se. Before we proceed with closing your file and asserting our firm's lien for attorneys' fees, we want to ensure you are making a fully informed decision.

Please give me a call at your earliest convenience at (800) 965-1570, ext. 107.

Thank you,

Samantha

On Fri, Nov 15, 2024 at 3:30 PM AD Howard <ania.howard@gmail.com> wrote:

Hi there,

I do not want to accept the final offer and will file against them in court.

On Fri, Nov 15, 2024 at 2:28 PM Samantha Koempel <samantha.koempel@spielbergerlawgroup.com> wrote:

Hi Ania,

I am following up on this. Please let us know whether you would like to accept the Company's final offer.

Thank you,

Samantha

On Thu, Nov 14, 2024 at 12:02 PM Samantha Koempel <samantha.koempel@spielbergerlawgroup.com> wrote:

Hi Ania,

Thank you for the update. Please let me know if you have any questions in the meantime.

Best regards,

Samantha

On Wed, Nov 13, 2024 at 10:20 AM ania.howard <ania.howard@gmail.com> wrote:

Good morning,

I am still making a decision and will let you know by Friday.

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

-------- Original message --------

From: Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>

Date: 11/12/24 9:48 AM (GMT-06:00)

To: AD Howard <ania.howard@gmail.com>

Cc: megan.wells@spielbergerlawgroup.com, zane.herman@spielbergerlawgroup.com,
tim.covey@spielbergerlawgroup.com

Subject: Re: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Good morning Ania,

I have spoken with opposing counsel several times since my last update. They are asserting that the
Company is not willing to further increase their offer beyond the $38,000, and that is indeed their best and
final offer. They have also indicated that this final offer would include a provision in the settlement
agreement that the Company will not dispute your unemployment benefits should you seek those benefits.

Per the retainer agreement, your portion would be 60% of the total settlement amount, minus the applicable
fees ($495 retainer fee and $50 monthly administrative fee. The monthly administrative fee began accruing
the month after you retained our firm). Since you retained our firm on 12/06/23, your applicable fees total to
$1,045 [495 + (11 x 50) = $1,045]. Thus, if you were to accept the $38,000 offer, the portion allocated to you
would total to $21,755.

Please note that settlements in this area of law are considered taxable income. Employers typically issue
these settlement payments via W-2, 1099, or some combination of both. However, we will not be able to
confirm these details regarding the checks, or how long the Employer has to issue the checks, until we
receive the proposed settlement agreement.

As indicated previously, your options are to either accept the $38,000 offer (which we would recommend at
this stage), or close your file with our firm and file a lawsuit (your deadline to do so would be 11/20/24, based
on our calculations). Please note that we would issue a lien on the amount we were able to obtain on your
behalf in the event you opt to file a lawsuit. **Please advise how you would like to proceed today, if
possible**.

Thank you,

Samantha

On Fri, Nov 8, 2024 at 12:55 PM AD Howard <ania.howard@gmail.com> wrote:

Hi Samantha,

Please continue pushing for a higher settlement. I am en route to file for a jury trial today. If it strengthens
negotiations, feel free to mention that I intend to discuss the company's practices publicly, including the
impact on my role according to their contradictory methodologies, the disparities and retaliation created
against me.

Sincerely,
Ania Howard

On Fri, Nov 8, 2024 at 11:28 AM Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>
wrote:

Hi Ania,

To provide another update, the Company has now increased their offer to $38,000. They are asserting
this is their final offer; however, I am still trying to push them beyond this. There are no guarantees, but I
certainly worth a shot. I will let you know as soon as we have their very best offer and then accept the
offer in order to resolve your claims prior to your 90-day deadline.

Please let me know if you have any questions.

Thank you,

Samantha

On Fri, Oct 25, 2024 at 5:43 PM AD Howard <ania.howard@gmail.com> wrote:

> Hi there,
>
> I'd like you to continue your efforts please.
>
> Thank you,
>
> -Ania
>
> On Fri, Oct 25, 2024 at 4:36 PM Samantha Koempel <samantha.koempel@ spielbergerlawgroup.com> wrote:
>
>> Hi Ania,
>>
>> I wanted to provide an update on the Company's latest offer, which has now increased to $20,000. Given the circumstances of your termination and the upcoming 90-day filing deadline, I had a direct conversation with opposing counsel to gauge any flexibility on their end. They conveyed that while there isn't significant room left, they might be able to increase their offer to $30,000 to settle your claims. I believe there's a good chance we could push this higher, potentially into the $35,000–$40,000 range, or possibly more.
>>
>> If you'd like us to keep negotiating within this general range, we're prepared to continue our efforts. Alternatively, if you're no longer interested in a pre-suit resolution or do not wish to settle within this range, your remaining option would be to close your file with our firm and pursue litigation before the 11/20/24 NRTS deadline. Please note, should you proceed with litigation, we would place a lien on any amount we were able to secure on your behalf.
>>
>> Please let me know your thoughts as soon as possible so we can proceed accordingly.
>>
>> Thank you,
>>
>> Samantha

On Wed, Oct 9, 2024 at 3:58 PM Samantha Koempel <samantha.koempel@
spielbergerlawgroup.com> wrote:

Hi Ania,

The Company has now increased their offer to $17,000. We will continue to push them and
keep you posted on further updates.

Thank you,

Samantha

On Fri, Oct 4, 2024 at 8:44 AM ania.howard <ania.howard@gmail.com> wrote:

Ok, thank you.

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

-------- Original message --------

From: Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>

Date: 10/4/24 7:21 AM (GMT-06:00)

To: "ania.howard" <ania.howard@gmail.com>

Cc: megan.wells@spielbergerlawgroup.com, zane.herman@spielbergerlawgroup.com,
kateline.gardiner@spielbergerlawgroup.com, diana.estrada@spielbergerlawgroup.com,
joy.serna@spielbergerlawgroup.com, tim.covey@spielbergerlawgroup.com, Chantel Squier
<chantel.squier@spielbergerlawgroup.com>

Subject: Re: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Good morning Ania,

Thank you for your patience while we returned to our normal business operations following
the hurricane. I was able to speak with opposing counsel and the Company has conveyed
an offer of $10,000 to resolve your claims. As far as your return to work, we would strongly
advise that you cooperate with the Company's requests for information and follow procedure
to either return to work or extend your leave. We are trying to push settlement negotiations
along as quickly as we can, but we do not want to give the Company any reason to assert a
legitimate reason for termination. We will let you know as soon as we have another update
to provide.

Best regards,

Samantha

On Thu, Sep 26, 2024 at 10:47 AM ania.howard <ania.howard@gmail.com> wrote:

Also, I hope you all remain safe due to the weather.

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

------- Original message -------

From: "ania.howard" <ania.howard@gmail.com>

Date: 9/26/24 9:44 AM (GMT-06:00)

To:

Cc: Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>, megan.wells@
spielbergerlawgroup.com, zane.herman@spielbergerlawgroup.com, kateline.gardiner@
spielbergerlawgroup.com, diana.estrada@spielbergerlawgroup.com,
joy.serna@spielbergerlawgroup.com, tim.covey@spielbergerlawgroup.com, Chantel
Squier <chantel.squier@spielbergerlawgroup.com>

Subject: Re: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Good Morning,

I'm writing to follow up on my employment situation and seek your guidance.

After experiencing retaliation, I took another leave of absence as I felt unsupported in
navigating the situation. I'm currently expected to return to work on the 30th, with the
company awaiting my return-to-work paperwork. However, I do not wish to return to this
environment.

I'm concerned about running out of time to resolve this matter and have been under
significant stress, including financial hardship. Despite reaching out to other attorneys, I've
been unable to find anyone willing to take my case outside of your firm considering time is
running out on the RTS.

Could you please advise me on what I should be doing? I'm not intending for this to
reflect impatience, I'm just not sure what to do.

Thank you for your time and consideration.

Sincerely,

-Ania

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

-------- Original message --------

From: "ania.howard" <ania.howard@gmail.com>

Date: 9/23/24 4:58 PM (GMT-06:00)

To: Chantel Squier <chantel.squier@spielbergerlawgroup.com>

Cc: Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>, megan.wells@spielbergerlawgroup.com, zane.herman@spielbergerlawgroup.com, kateline.gardiner@spielbergerlawgroup.com, diana.estrada@spielbergerlawgroup.com, joy.serna@spielbergerlawgroup.com, tim.covey@spielbergerlawgroup.com

Subject: Re: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Thank you.

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

-------- Original message --------

From: Chantel Squier <chantel.squier@spielbergerlawgroup.com>

Date: 9/23/24 3:23 PM (GMT-06:00)

To: "ania.howard" <ania.howard@gmail.com>

Cc: Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>, megan.wells@spielbergerlawgroup.com, zane.herman@spielbergerlawgroup.com, kateline.gardiner@spielbergerlawgroup.com, diana.estrada@spielbergerlawgroup.com, joy.serna@spielbergerlawgroup.com, tim.covey@spielbergerlawgroup.com

Subject Re: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Good afternoon.

We have not heard back from the opposing counsel regarding settlement. Ms. Koempel has reached out requesting a response. Based on our last communication with opposing counsel we were anticipating their reply and will continue to reach out.

We will email you as soon as we have any relevant information to share.

Thank you.

On Mon, Sep 23, 2024 at 11:59 AM ania.howard <ania.howard@gmail.com> wrote:

Hi there,

I'm following up to find out if you've heard anything back from last week?

-Ania

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

-------- Original message --------

From: "ania.howard" <ania.howard@gmail.com>

Date: 9/9/24 3:31 PM (GMT-06:00)

To: Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>

Cc: megan.wells@spielbergerlawgroup.com, zane.herman@spielbergerlawgroup.com, kateline.gardiner@spielbergerlawgroup.com, diana.estrada@spielbergerlawgroup.com, chantel.squier@spielbergerlawgroup.com, joy.serna@spielbergerlawgroup.com, tim.covey@spielbergerlawgroup.com

Subject: Re: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Thank you!

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

-------- Original message --------

From: Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>

Date: 9/9/24 2:47 PM (GMT-06:00)

To: "ania.howard" <ania.howard@gmail.com>

Cc: megan.wells@spielbergerlawgroup.com, zane.herman@spielbergerlawgroup.com, kateline.gardiner@spielbergerlawgroup.com, diana.estrada@spielbergerlawgroup.com, chantel.squier@spielbergerlawgroup.com, joy.serna@spielbergerlawgroup.com, tim.covey@spielbergerlawgroup.com

Subject: Re: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Good afternoon Ania,

Good timing, I actually spoke with opposing counsel this afternoon. They indicated that the Company was willing to continue settlement discussions inclusive of separation. However, they indicated they would not be able to get us a monetary response until next week. We will let you know as soon as we have a substantive update to provide.

Thank you,

Samantha

On Mon, Sep 9, 2024 at 3:24 PM ania.howard <ania.howard@gmail.com> wrote:

Hi there,

I'm following up for any updates on the negotiations or if anything further is needed from my side. Please let me know at your earliest and thank you for your continued assistance.

Sincerely,
Ania Howard

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

-------- Original message --------

From: ania.howard" <ania.howard@gmail.com>

Date: 8/22/24 2:09 PM (GMT-06:00)

To: megan.wells@spielbergerlawgroup.com

Cc: zane.herman@spielbergerlawgroup.com, samantha.koempel@
spielbergerlawgroup.com, kateline.gardiner@spielbergerlawgroup.com,
diana.estrada@spielbergerlawgroup.com, chantel.squier@spielbergerlawgroup.com,
joy.serna@spielbergerlawgroup.com, tim.covey@spielbergerlawgroup.com

Subject: RE: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard,
Ania)


Thank you.


-Ania


Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone


------- Original message -------

From: megan.wells@spielbergerlawgroup.com

Date: 8/22/24 1:40 PM (GMT-06:00)

To: ania.howard@gmail.com

Cc: zane.herman@spielbergerlawgroup.com, samantha.koempel@
spielbergerlawgroup.com, kateline.gardiner@spielbergerlawgroup.com,
diana.estrada@spielbergerlawgroup.com, chantel.squier@spielbergerlawgroup.com,
joy.serna@spielbergerlawgroup.com, tim.covey@spielbergerlawgroup.com

Subject: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)


Good afternoon Ania,


Per our request, the EEOC has issued your Notice of Right to Sue (NRTS). You
have 90 days from the date of the NRTS to file a lawsuit against your employer,
should you choose to go that far. We have submitted your case to our litigation
department for review and unfortunately, we are not able to offer litigation
representation. This is not a reflection of the merits of your case and simply means
that we do not have the capacity to file another lawsuit at this time.

However, **we still currently represent you for pre-suit negotiations.** We would
appreciate the opportunity to reach back out to opposing counsel in an attempt to
resolve the matter pre-suit. We will negotiate in an effort to get as much authority
on the table as possible. **Your attorneys will be in touch with you after
speaking to opposing counsel again. Nothing further is needed from you at
this time.**

Regards,

**Megan Wells**
Legal Assistant
**Address:** 4890 W Kennedy Blvd. Ste. 950 | Tampa, FL 33609
**Tel.** (800) 965-1570 Ext. 136
**Fax:** (866) 580-7499
**Email:** megan.wells@spielbergerlawgroup.com

This correspondence may contain information that is confidential, proprietary or & non-public personal information, as that term is defined in the Gramm-Leach-Bliley Act (collectively, Confidential Information). The Confidential Information is disclosed conditioned upon your agreement that you will treat all Confidential Information confidentially and in compliance with applicable law, ensure that such information is not used or disclosed except for the limited purpose for which it is being provided and will notify and cooperate with Spielberger Law Group, LLC. regarding any requested disclosure or any unauthorized disclosure or use of any Confidential Information. By accepting and reviewing the Confidential Information you agree to indemnify Spielberger Law Group, LLC. against any losses or expenses, including attorney's fees that Spielberger Law Group, LLC. may incur as a result of any unauthorized use or disclosure of the Confidential Information due to your acts or omissions. If this correspondence is received by a party other than the intended recipient, you are requested to immediately notify us of the erroneous delivery and return to us all information so delivered immediately.

---

**Samantha Koempel** <samantha.koempel@spielbergerlawgroup.com>                     Wed, Nov 20, 2024 at 12:33 PM

To: "ania.howard" <ania.howard@gmail.com>
Cc: Megan Wells <megan.wells@spielbergerlawgroup.com>, Tim Covey <tim.covey@spielbergerlawgroup.com>, Zane Herman <zane.herman@spielbergerlawgroup.com>

Good afternoon Ania,

We have called you several times this week to discuss. But I would be happy to give you a call between now and 3:30pm CST if you are available. Please let me know.

Thank you,

Samantha

On Wed, Nov 20, 2024 at 1:13 PM ania.howard <ania.howard@gmail.com> wrote:
Sorry for my late reply.

Can you explain to me why it's not advisable to litigate this issue? I don't feel like I was fully informed for the entirety of you working my case.

Can you share details of the negotiations?

Sent via the Samsung Galaxy S23 Ultra 5G, an AT&T 5G smartphone

------- Original message -------
From: Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>
Date: 11/20/24 12:04 PM (GMT-06:00)
To: AD Howard <ania.howard@gmail.com>
Cc: Megan Wells <megan.wells@spielbergerlawgroup.com>, Tim Covey <tim.covey@spielbergerlawgroup.com>, Zane Herman <zane.herman@spielbergerlawgroup.com>
Subject: Closing Letter (CLID: 2312300847, Howard, Ania)

Good afternoon Ania,

As previously discussed, after receiving your EEOC Notice of Right to Sue, we reached out to opposing counsel in an effort to resolve your matter. After initial settlement offers were exchanged, we informed you that the Company had indicated a possible resolution at $30,000 and that we believed we could potentially secure an offer in the range of $35,000-$40,000. At that point, we asked you to confirm whether you wished to continue negotiations within that range or proceed with litigation and close your file with our firm. You instructed us to continue negotiations.

Through further efforts, we secured a best and final offer of $38,000 from the Company.

As previously stated, we strongly recommend accepting the Company's final offer, as we do not believe litigating your claims is advisable. However, you have been unresponsive for several days. Given that we have confirmed you have filed suit against the Company pro se, and today is your filing deadline, **we will proceed with closing your file**.

Please note that if you do resolve your claims, our firm has a lien on the settlement funds. A formal Notice of Lien will follow.

Respectfully,

Samantha

On Tue, Nov 19, 2024 at 1:52 PM <tim.covey@spielbergerlawgroup.com> wrote:

Good afternoon Ania,


I am writing to follow up with the voicemail I just left for you and Samantha's email below. Please contact our office at your earliest convenience at 800-965-1570, ext. 107 (Samantha) or ext. 140 (me).


**Tim Covey**
Paralegal
**Address:** 4890 W. Kennedy Blvd. Ste 950 | Tampa, FL 33609
**Tel.** (800) 965-1570 Ext. 140
**Fax:** (866) 580-7499
**Email:** tim.covey@spielbergerlawgroup.com

This correspondence may contain information that is confidential, proprietary or & non-public personal information, as that term is defined in the Gramm-Leach-Bliley Act (collectively, Confidential Information). The Confidential Information is disclosed conditioned upon your agreement that you will treat all Confidential Information confidentially and in compliance with applicable law, ensure that such information is not used or disclosed except for the limited purpose for which it is being provided and will notify and cooperate with Spielberger Law Group, LLC. regarding any requested disclosure or any unauthorized disclosure or use of any Confidential Information. By accepting and reviewing the Confidential Information you agree to indemnify Spielberger Law Group, LLC. against any losses or expenses, including attorney's fees that Spielberger Law Group, LLC. may incur as a result of any unauthorized use or disclosure of the Confidential Information due to your acts or omissions. If this correspondence is received by a party other than the intended recipient, you are requested to immediately notify us of the erroneous delivery and return to us all information so delivered immediately.


**From:** Samantha Koempel <samantha.koempel@spielbergerlawgroup.com>
**Sent:** Monday, November 18, 2024 10:42 AM
**To:** AD Howard <ania.howard@gmail.com>
**Cc:** megan.wells@spielbergerlawgroup.com; zane.herman@spielbergerlawgroup.com; tim.covey@spielbergerlawgroup.com
**Subject:** Re: EEOC Notice of Right to Sue Received (CLID: 2312300847, Howard, Ania)

Good morning Ania,

I'm following up on the voicemail I just left for you. We understand that you have filed suit against the Employer pro se. Before we proceed with closing your file and asserting our firm's lien for attorneys' fees, we want to ensure you are making a fully informed decision.

Please give me a call at your earliest convenience at (800) 965-1570, ext. 107.

Thank you,

Samantha

On Fri, Nov 15, 2024 at 3:30 PM AD Howard <ania.howard@gmail.com> wrote:

Hi there,

I do not want to accept the final offer and will file against them in court.

-Ania

On Fri, Nov 15, 2024 at 2:28 PM Samantha Koempel <samantha.koempel@spielbergerlawgroup.com> wrote:

Hi Ania,

I am following up on this. Please let us know whether you would like to accept the Company's final offer.

Thank you,

Samantha

On Thu, Nov 14, 2024 at 12:02 PM Samantha Koempel <samantha.koempel@spielbergerlawgroup.com> wrote:

Hi Ania,

Thank you for the update. Please let me know if you have any questions in the meantime.

Best regards,