IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANIA HOWARD, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case Number: 4:24-CV-04545 |
| NIELSEN AUDIO, INC. | § § § | |
| *Defendant*. | § | |

## UNOPPOSED EMERGENCY MOTION TO SEAL ATTACHMENTS TO PLAINTIFF'S COMPLAINT AND REQUEST FOR INJUNCTION

Defendant Nielsen Audio, Inc. files this Unopposed Emergency Motion to Seal Attachments to Pro Se Plaintiff Ania Howard's Complaint and Request for Injunction. Dkt. 5 at 7-34. Plaintiff filed settlement communications in direct violation of Federal Rule of Evidence 408. Defendant is asking that the Court seal the attachments to Plaintiff's Complaint and Request for Injunction.

1.   Plaintiff filed her Original Complaint *pro se* on November 19, 2024. Dkt. 1. Summons issued but Plaintiff failed to perfect service. Plaintiff then filed an Amended Complaint and her Complaint and Request for Injunction and failed to serve Defendant with either filing. Defendant learned of the case yesterday, December 17, 2024. In response, Defendant pulled the filings from PACER and found settlement discussions Plaintiff had with her previous attorney attached to her Complaint and Request for Injunction. Dkt 5 at 7-34. Defendant will respond to Plaintiff's Complaint and Request for Injunction, but relevant for the purposes of this Motion to Seal, Plaintiff attached confidential settlement communications in support of her Complaint and Request for Injunction and filed those communications with the Court. *Id.*

2.       Plaintiff's attachments consist of voluminous email exchanges discussing terms on which Defendant was willing to settle her claims. Undoubtedly, Defendant did not intend for these documents to be part of the public record in this case and rather intended them to be confidential pursuant to Federal Rule of Evidence 408.

3.       While there is a common law right to inspect and copy judicial records, it is not absolute. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir.1993) (citing *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 430 (5th Cir.1981)). Rather, as the Fifth Circuit has explained, "the common law merely establishes a presumption of public access to judicial records." *Van Waeyenberghe*, 990 F.2d at 848 (citing *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir.1988)); see also *Nixon*, 435 U.S. at 597; *Belo Broad. Corp.*, 654 F.2d at 429. Nevertheless, a "'district court's discretion to seal the record of judicial proceedings is to be exercised charily.'" *Van Waeyenberghe*, 990 F.2d at 848 (quoting *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir.1987)). When determining whether to seal or unseal judicial records, the court must weigh the public's right of access against any countervailing interests that favor nondisclosure. Id. (citations omitted).

4.       Here, good cause exists to seal the attachments. They describe confidential settlement discussions pursuant to Rule 408. Dkt. 5 at 7-34. Plaintiff included the attachments in support of her request to toll limitations seemingly in an effort to prove the validity of her claims— Rule 408 proscribes the use of such evidence. In addition, Plaintiff's inclusion of the attachments does not fall under any exception to Rule 408 because Plaintiff has no purpose for including the attachments. *See* Fed. R. Ev. 408(b). Defendant has a strong interest in maintaining the confidentiality of the communications for the same the reasons that Rule 408 was implemented, to encourage settlements which would be discouraged if such evidence were admissible. The public's

right of access to judicial records is not implicated by an attorney's strategic decision to engage with an opposing party in settlement communications under fact-specific situations. As such, Defendant respectfully requests that the Court seal the attachments to Plaintiff's Complaint and Request for Injunction.

## PRAYER

FOR THESE REASONS, the Defendant respectfully requests that the Court grant Defendant's Emergency Motion to Seal Attachments to Pro Se Plaintiff Ania Howard's Complaint and Request for Injunction, and that Defendant be awarded any and all such other and further relief, at law or in equity, both general and special, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*/s/ Carolyn Russell*
Carolyn Russell
Texas Bar No. 24003913
One Allen Center
500 Dallas Street, Suite 2100
Houston, TX  77002
713.655.0855 (Phone)
713.655.0020 (Fax)
carolyn.russell@ogletree.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I hereby certify that on December 17, 2024, I conferred with Pro Se Plaintiff Ania Howard via email and she confirmed that she is unopposed to the relief requested in this Motion.

*/s/ Carolyn Russell*
Carolyn Russell

3

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing instrument was filed electronically using the Court's ECF/CM system, which will simultaneously provide notice and service to Plaintiff on this 17th day of December 2024.

                                          */s/ Carolyn Russell*
                                          Carolyn Russell