IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANIA HOWARD, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case Number: 4:24-CV-04545 |
| NIELSEN AUDIO, INC. | § § § | |
| *Defendant*. | § § | |

## NIELSEN AUDIO, INC'S MOTION TO DISMISS

Defendant Nielsen Audio, Inc. ("Nielsen") respectfully files this Motion to Dismiss with prejudice as to all claims asserted by Plaintiff Ania Howard ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). Neither Plaintiff's Original Complaint (Dkt. 1) nor her Amended Complaint (Dkt. 4) sets forth alleged facts sufficient to establish liability under any legal theory. Accordingly, Nielsen respectfully requests that Plaintiff's claims be dismissed with prejudice.

### I.     Summary of the Argument

Plaintiff filed this lawsuit on November 19, 2024, alleging Nielsen discriminated against her in a variety of ways during her former employment. Plaintiff's live pleading spans 21 pages and is comprised almost entirely of bare legal conclusions. While the "factual" allegations are limited to eleven short paragraphs spanning two pages, Plaintiff appears to assert approximately 10 distinct causes of action. *See* Dkt. 4 ¶¶ 6-17. Because Plaintiff's Amended Complaint fails to allege sufficient facts to support a legally cognizable claim, the Court should dismiss all of

1

Plaintiff's claims with prejudice.

More particularly, Plaintiff's claims for "Discrimination based on Appearance, Race, and Disability" fail because Plaintiff has failed to identify an adverse employment action allegedly motivated by Plaintiff's protected status. Consequently, these claims must be dismissed. As to Plaintiff's claims for "Unsafe Work Conditions and Hostile Environment," this Court lacks subject matter jurisdiction because Plaintiff lacks standing to bring a retaliation claim under the Occupational Safety and Health Act ("OSH Act"). Plaintiff's claims for "Retaliation and Mishandling of Investigations" and "Misuse of FMLA Leave and Disability Discrimination" fail because Plaintiff does not identify an adverse employment action and because statements in Nielsen's position statement to the Equal Employment Opportunity Commission ("EEOC") are protected by the First Amendment to the United States Constitution. Finally, Plaintiff's claim for "Retaliatory Termination" fails because Plaintiff fails to plead a link between an alleged protected activity and her termination.

## II.  Argument and Authorities

### A. Standard of Review.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must assert a plausible claim and set forth sufficient factual allegations to support the claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable to

claimant. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 556 U.S. at 678. "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief…" *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

### B. Plaintiff's allegations of "Discrimination Based on Appearance, Race, and Disability" fail to state a claim.

"To plead a disparate-treatment claim under Title VII, a plaintiff must allege facts plausibly showing (1) an adverse employment action, (2) taken against a plaintiff because of her protected status." *Hamilton v. Dallas Cnty.*, 79 F.4th 494, 502 (5th Cir. 2023) (citations omitted). To state a claim for employment discrimination under Title I of the Americans with Disabilities Act ("ADA"), the plaintiff must allege that: (1) she is "disabled"; (2) she was qualified for the position; and (3) she was subject to an adverse employment action because of her disability. *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 341 (5th Cir. 2019). Thus, regardless of the legal theory, Plaintiff must plead and ultimately prove that she suffered an adverse employment action because of her protected status.[1]

---

[1] Plaintiff may also assert a separate claim for discrimination based on her "appearance." While appearance alone is not a protected status, Nielsen presumes, for purposes of this motion only, that Plaintiff's reference to "appearance" discrimination is an attempt to claim national origin discrimination under Title VII because she "has the physical, cultural or linguistic characteristics of a national origin group." 29 C.F.R. § 1606.1. However, assuming Plaintiff's "appearance" discrimination claim is actually a claim for national origin discrimination, that does not eliminate her obligation to plead an adverse employment action.

3

Prior to 2023, courts in the Fifth Circuit required that a Plaintiff demonstrate an "ultimate employment decision" to demonstrate that they suffered an adverse employment action. *See e.g. Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 824 (5th Cir. 2019) ("Adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating."), *abrogated by Hamilton v. Dallas Cnty.*, 79 F.4th 494 (5th Cir. 2023).[2] In *Hamilton*, the Fifth Circuit abrogated the former "ultimate employment decision" test instructing that all a Plaintiff must prove is discrimination with respect to "hiring, firing, compensation, or the 'terms, conditions, or privileges of employment'—just as the statute says." 79 F.4th at 506.

Shortly after *Hamilton*, the Fifth Circuit provided additional guidance in *Harrison v. Brookhaven Sch. Dist.*, 82 F.4th 427 (5th Cir. 2023). In *Harrison*, the court explained that a claim asserting an adverse action impacting the "terms, conditions, or privileges of employment" requires two showings: (1) adversity and (2) materiality. *Id*. 431. Under the adversity prong, the plaintiff must show that members of the non-protected class were treated differently with respect to the alleged term condition, or privilege. *Id.* Under the materiality prong, the alleged adverse employment action must inflict more than a *de minimis* injury. *Id.* at 432. The Fifth Circuit's test is consistent with the Supreme Court's recent decision in *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 354–55 (2024) ("To make out a

---

[2] The United Sates Supreme Court recently touched on this issue in *Muldrow v. City of St. Louis* 601 U.S. 346, 350 (2024). The Court's decision in *Muldrow* appears to be consistent with *Hamilton*. *See Smith v. Kendall,* No. 23-50713, 2024 WL 4442040, at *5 (5th Cir. Oct. 8, 2024).

4

Title VII discrimination claim, a transferee must show some harm respecting an identifiable term or condition of employment.").

In her live pleading, Plaintiff identifies three putative adverse employment action arising from actions of her "team lead:" (1) comments about use of her transition lenses, (2) pressure to wear clothing with the Nielsen logo, and (3) "falsely" reporting Plaintiff as "being difficult." Plaintiff's allegations do not rise to the level of affecting the terms, conditions, or privileges of her employment. Instead, they are *de minimis* perceived slights and, therefore, not actionable. Indeed, "the *de minimis* standard prevents judges from supervising the minutiae of personnel management." *Sambrano v. United Airlines, Inc.*, 707 F. Supp. 3d 652, 664 (N.D. Tex. 2023).

In *Green v. Kijakazi*, the Western District of Louisiana recently concluded that similar concerns were not adverse employment actions. No. CV 21-3938, 2024 WL 969703, at *8 (W.D. La. Mar. 6, 2024). In *Green*, the former employee complained about "derogatory and defamatory" written criticisms contained in his performance appraisals. *Id.* The court concluded the complaints were *de minimis* and "decline[d] to scrutinize the specifics of standard performance reviews." *Id.*

In the instant case, Plaintiff's displeasure with the criticisms allegedly levied by her "team lead" are even more *de minimus* then the concerns identified in *Green*. In *Green*, the written criticism was contained in an official performance appraisal. In contrast, here, the alleged criticism were oral statements allegedly directed at Plaintiff by her "team lead." Plaintiff does not allege the comments had any impact on her day-to-day duties, pay, or opportunities provided to her. Rather, the comments

5

appear to impact only Plaintiff's perception of her job and her "team lead." These are exactly the minor workplace trifles the *de minimus* standard is intended to screen out.

Moreover, even if Plaintiff could identify an adverse employment action, which she cannot, her claims still fail because she has not alleged sufficient facts to impute the alleged conduct of her "team lead" to Nielsen. "In the employment context, the actions of ordinary, non-supervisory employees are not typically a basis for a claim." *Land v. Dietz*, 276 F. App'x 384, 387 (5th Cir. 2008); *see also Dixon v. Garland*, No. 4:23-CV-00019-P, 2024 WL 150509, at *6 (N.D. Tex. Jan. 12, 2024) ("However, as a coworker, Dr. Galvan and her conduct cannot rise to the level of an adverse employment action. . . Dr. Galvan's actions are not imputable to the BOP as she is a coworker of Dr. Dixon. . . "). In support of her appearance, race, and disability claims, Plaintiff attributes the allegedly unfair comments solely to her "team lead." In contrast, in support of her "Unsafe Work Conditions and Hostile Environment" claim, Plaintiff points solely to her supervisor. Thus, per Plaintiff's Amended Complaint, Plaintiff's "team lead" is not her supervisor. In order to state a viable claim, Plaintiff must allege sufficient facts to support the conclusion that the "team lead's" actions are imputable to Nielsen. Her failure to do so here is fatal to her claim. Because Plaintiff does not identify an adverse employment action imputable to Nielsen, her claims for "Discrimination Based on Appearance, Race, and Disability" must be dismissed.

6

### C. Plaintiff's allegations of "Unsafe Work Conditions and Hostile Environment" fail to state a claim.

The legal theory underpinning Plaintiff's claim for "Unsafe Work Conditions and Hostile Environment" is unclear. Plaintiff's Amended Complaint appears to assert either or both: (1) damages arising from Nielsen's violation of an OSH Act regulation, or (2) retaliation arising from Plaintiff's reporting the alleged violation to OSHA and/or the EEOC. However, both theories fail to state a claim upon which relief can be granted.

The OSH Act "does not provide a private right of action to individuals for violations of workplace safety regulations." *Stansbury v. Sewell Cadillac-Chevrolet, Inc.*, No. CIV.A. 02-3470, 2003 WL 260522, at *2 (E.D. La. Feb. 4, 2003) "The provisions for the enforcement of [the OSH Act] and the regulations promulgated thereunder are sufficiently comprehensive to make such a private right of action unnecessary to effectuate the congressional policy underpinning the substantive provisions of the statute." *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976-77 (5th Cir. 1975). Thus, to the extent Plaintiff seeks to enforce any particular provision or regulation promulgated under the OSH Act, the claim fails.

Likewise, to the extent Plaintiff is alleging retaliation in violation of section 11(c) of the OSH Act, this Court lacks jurisdiction over the claim. While a quasi-private right of action exists for OSH Act retaliation claims, it has unique procedural process.  Instead of simply filing a lawsuit in federal court, an aggrieved party must, within thirty days of the incident, contact the Secretary of Labor to report any acts of discrimination, retaliation, or harassing conduct under the Act. 29 U.S.C. § 660(c)(2)

("Any employee who believes that [she] has been discharged or otherwise discriminated against by any person in violation of this subsection may, within thirty days after such violation occurs, file a complaint with the Secretary alleging such discrimination"). If the Secretary finds that discrimination has occurred, **the Secretary** may bring an action in federal court. *Cuyahoga Valley Ry. Co. v. United Transp. Union*, 474 U.S. 3, 6 (1985) ("enforcement of [OSHA] is the sole responsibility of the Secretary [of Labor]"). The instant lawsuit has been brought by the Plaintiff and not the Secretary of Labor. Therefore, it must be dismissed.

### D. Plaintiff's allegations of "Retaliation and Mishandling of Investigations" fail to state a claim.

Plaintiff's claims for "Retaliation and Mishandling of Investigations" appear to arise from the internal investigation of Plaintiff's alleged complaints of unsafe work conditions and investigation of the allegations in Plaintiff's Charge of Discrimination filed with the EEOC. This claim fails because Plaintiff does not identify an adverse employment action. The Southern District of Mississippi addressed a similar complaint in *Spann v. FedEx Freight, Inc.*, No. 3:23-CV-399-TSL-RPM, 2024 WL 3155888, at *3 (S.D. Miss. June 17, 2024). There, the plaintiff, a black female employee, was injured in a forklift accident. *Id*. The plaintiff alleged that her employer failed to promptly investigate the accident and discipline the co-worker responsible for the accident. The plaintiff also alleged when a white male forklift operator was injured the employer promptly investigated the accident and took appropriate disciplinary action against the responsible party. The court dismissed the claim, finding no adverse employment action occurred. The court explained that

8

the alleged failure to investigate "did not cause any change at all in the terms, conditions or privileges of plaintiff's own employment. There was no consequence to her, other than, perhaps, frustration she may have felt over the perceived inadequacy of [employer's] response (or lack of response) to the incident." *Id.*

As in *Spann*, Plaintiff does not explain how Nielsen's alleged failure to conduct an "adequate" investigation impacted the terms, conditions, or privileges of her employment. Instead, it appears Plaintiff simply asserts that Nielsen's investigation failed to reach the conclusions she desired. This falls well short of her burden of identifying and adverse employment action.

Additionally, to the extent Plaintiff premises this claim on statements in Nielsen's EEOC position statement, the claim must be dismissed. First, statements in an EEOC position statement are not adverse employment actions. *See Paugh v. Lockheed Martin Corp.*, 474 F. Supp. 3d 861, 864-65 (W.D. Tex. 2020) ("Because Lockheed Martin's alleged false or misleading statements to the EEOC are not legally actionable adverse employment actions, Ms. Paugh fails to state a claim for discrimination and retaliation arising from Lockheed Martin's EEOC position statement."). Second, Nielsen's efforts to influence administrative action are privileged by the First Amendment's protections of a person's right to petition the government. *See Mid-Texas Communications Systems v. ATT* 615 F.2d 1372, 1382 (5th Cir. 1980) ("It is now clear, however, that *Noerr-Pennington* immunity extends to attempts to influence judicial and administrative actions since the "right to petition extends to all departments of the Government." (quoting *California Motor Transport*

9

*Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972)). Because Plaintiff's claim for "Retaliation and Mishandling of Investigations" does not allege an adverse employment action and points only to constitutionally protected conduct, the claim must be dismissed.

### E. Plaintiff's allegations of "Misuse of FMLA Leave and Disability Discrimination" fail to state a claim.

Plaintiff's claims for "Misuse of FMLA Leave and Disability Discrimination" appear to arise from observations in Nielsen's EEOC Position Statement that Plaintiff's use of FMLA leave as granted by Nielsen coordinated with the timing of routine performance reviews. Again, an employer's statements to the EEOC are not adverse employment actions. Therefore, the claim fails and must be dismissed.[3]

### F. Plaintiff's allegation of "Retaliatory Termination" fails to state a claim.

"To establish a *prima facie* case of retaliation, an employee must show (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action." *Saketkoo v. Adm'rs of the Tulane Educ. Fund*, 31 F.4th 990,

---

[3] District courts within the Fifth Circuit are split on whether a cause of action for associational disability discrimination is cognizable. *Compare Hartman v. Lafourche Parish Hosp.*, 262 F.Supp.3d 391, 398-99 (E.D. La. 2017) (recognizing cause of action for associational disability discrimination), and *Spinks v. TruGreen Landcare, L.L.C.*, 322 F.Supp.2d 784, 795 (S.D. Tex. 2004) (same), *with Balachandran v. Valvtechnologies, Inc.*, No. 4:20-CV-1078, 2021 WL 3639806, at *2 (S.D. Tex. July 30, 2021) (declining to recognize a cause of action for associational disability discrimination), *and Roth v. Canon Sols. Am., Inc.*, No. 3:18-cv-02196, 2019 WL 4597583, at *5 (N.D. Tex. Sept. 23, 2019) (same). Courts that have recognized the claim still require the plaintiff prove an adverse employment action. *See Hartman.*, 262 F. Supp. 3d at 398 ("(2) the plaintiff was subjected to adverse employment action;").

1000 (5th Cir. 2022) (internal citations omitted). Plaintiff alleges that she was terminated in retaliation for refusing to allow her manager to participate in a meeting Plaintiff requested with human resources. Dkt. 4 at ¶ 17. However, requesting that a manager be excluded from a meeting with Human Resources is not a protected activity.

An employee engages in activity protected opposing any practice made an unlawful employment practice by state or federal law. *See Martin v. Kroger Co.*, 65 F.Supp.2d 516, 555 (S.D. Tex. Sept. 15, 1999). Courts have consistently held that vague complaints of "discrimination," "harassment" or unfair treatment, without any reference to an unlawful employment practice under federal or state statutes, does not constitute protected activity. *See Tratree v. BP N. Am. Pipelines, Inc.*, 277 Fed.Appx. 390, 395 (5th Cir. 2008) ("Complaining about unfair treatment without specifying why the treatment is unfair ... is not protected activity."); *Harris–Childs v. Medco Health Solutions, Inc.*, 169 Fed.Appx. 913, 916 (5th Cir.2006) (affirming summary judgment on retaliation claim where plaintiff never "specifically complained of racial or sexual harassment, only harassment"); *Moore v. United Parcel Serv., Inc.*, 150 Fed.Appx. 315, 319 (5th Cir.2005) ("Moore ... was not engaged in a protected activity, as his grievance did not oppose or protest racial discrimination or any other unlawful employment practice under Title VII.").

Here, Plaintiff exclusively alleges that she was terminated because she refused to allow her manager to attend a meeting she had with human resources. Accepting Plaintiff's assertion as true, which Nielsen and the Court are required to do at this

stage of the proceedings, Plaintiff has failed to plead a viable retaliation claim. An employee's refusal to allow her manager to attend a meeting between herself and human resources is not a protected activity. Therefore, Plaintiff has failed to identify a protected activity that is causally connected to an adverse employment action. Accordingly, her claim must be dismissed.

## Conclusion

FOR THESE REASONS, Nielsen respectfully request that the Court dismiss Plaintiff's claims with prejudice.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/  Carolyn Russell*
Carolyn Russell
Texas Bar No. 24003913
One Allen Center
500 Dallas Street, Suite 2100
Houston, TX  77002
713.655.0855 (Phone)
713.655.0020 (Fax)
carolyn.russell@ogletree.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT**

13

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing instrument was filed electronically using the Court's ECF/CM system, which will simultaneously provide notice and service to Plaintiff on this 17th day of January 2025.

                                          */s/ Carolyn Russell*
                                          Carolyn Russell